AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of     Delaware

UNITED STATES OF AMERICA

V.

Edward Roe
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 07-62M-MPT

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED APR 24 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    clear and convincing evidence    a preponderance of the evidence: Defendant is charged with knowingly receinving, distributing and possession child pornography under 18 USC§ 2252 which is a rebuttable presumption matter. The court finds that there are no conditions or release of combination thereof that will reasonably assure defendant's appearance as required and the safety of the community becuase:

1. During the prelimiary hearing in this matter the court found that there was substantial evidence to support the charge against defendant. In addition to live testimony, the criminal complaint was very detail regarding defendant's involvement in the offense. At the time of defendant's arrest, no family member was aware of defendant's conduct since he used a room in the house where he lived with his minor son and wife. Defendant used the internet under the email address and name "painter bill 57" to obtain and distribute the child pornography.

2. The pcitures clearly displayed children most under the age of 10 involved in sexual acts with adult, some indicating that the children were in pain while undergoing such activity. In addition there were videos as well.

3. The evidence shows that despite defendant's alleged lack of interest in children that age (his preference is for girls 14 years and a bit older), defendant has been trading in child porn for 8-10 years and has certain individuals on his "buddies" list.

4. Defendant faces a minimum of 5 years in jail, with mostly in the 19-24 years range in like of the quantity of criminal history points he will amass if convicted. Further he saves his prepubescent images in a "young" file.

5. According to the evidence, his wife was surprised and shocked regarding defendant's behavoir.

6. Defendant provided no indication that he felt that he had a problem.

7. No third party custodian would be effective since his wife clearly was unaware. Defendant is employed as a housepainter, which although his employer does primarily commercial properties, defendant could be not allowed employment near or around schools, playgrounds, day care centers or other places where children frequent

8. Defendant's past criminal history shows primarily alcohol related offenses.

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 23, 2007 | _[signature]_ |
|---|---|
| Date | *Signature of Judicial Officer* |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).